IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02168-RBJ
Criminal Action No. 11-cr-00470-RBJ-1

UNITED STATES OF AMERICA,

v.

FRANKLIN FIGUEROA-MARTÍNEZ, also known as
FRANCIS ALBERTO BONILLA-MARTÍNEZ,

    Defendant.

---

ORDER OF TRANSFER

---

    Defendant, Franklin Figueroa-Martínez, also known as Francis Alberto Bonilla-Martínez, currently is incarcerated at the CI Reeves III Correctional Institution in Pecos, Texas.  Mr. Figueroa-Martinez's alias has been added to the caption of this order.  He pleaded guilty in this Court to illegal re-entry after deportation subsequent to aggravated felony conviction pursuant to 8 U.S.C. § 1326(a) and (b)(2), and was sentenced to thirty months of imprisonment.  *See United States v. Figueroa-Martínez*, Criminal Action No. 11-cr-00470-RBJ-1 (D. Colo. Apr. 19, 2012).  Judgment was entered on the docket on April 19, 2012.

    On August 16, 2012, Mr. Figueroa-Martínez filed *pro se* in No. 11-cr-00470-RBJ-1 a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 titled "Motion for Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255" (ECF No. 35).  In the § 2255 motion, Mr. Figueroa-Martínez challenges the computation of the federal sentence imposed in his criminal case.  The motion was filed in Mr.

Figueroa-Martinez's criminal action because he included the criminal case number on the motion. Because the relief Mr. Figueroa-Martínez seeks is not available in his criminal action and is inappropriate in a § 2255 action, the instant action, for the reasons stated below, will be transferred to the United States District Court for the Western District of Texas (Western District of Texas).

Mr. Figueroa-Martínez claims he is entitled to a one-year reduction in his sentence for completing a drug program during his incarceration and to early release to a halfway house on supervised release pursuant to 18 U.S.C. § 3583. Because Mr. Figueroa-Martinez's claims challenging the computation of his federal sentence attack the execution rather than the validity of his sentence, they properly are asserted in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Texas. The purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). Because Mr. Figueroa-Martinez is confined in the Western District of Texas, his claims challenging the execution of his sentence properly are filed in the Western District of Texas.

Therefore, to the extent Mr. Figueroa-Martínez has characterized this action as initiated pursuant to § 2255, the § 2255 motion will be denied. The clerk of the Court will be directed to transfer this action to the Western District of Texas as a § 2241

action.  Any deficiencies to be cured in the § 2241 action will be left to the discretion of the Western District of Texas.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Figueroa-Martinez files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that to the extent Defendant, Franklin Figueroa-Martínez, seeks relief pursuant to 28 U.S.C. § 2255 through the motion to vacate, set aside, or correct sentence pursuant to § 2255 filed on August 16, 2012, and titled "Motion for Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255" (ECF No. 35), the § 2255 motion is denied without prejudice.  It is

FURTHER ORDERED that, to the extent Mr. Figueroa-Martínez seeks relief pursuant to § 2255, a certificate of appealability is denied pursuant to 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  It is

FURTHER ORDERED that the clerk of the Court transfer this action to the United States District Court for the Western District of Texas as a habeas corpus action pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that any deficiencies to be cured in the § 2241 action are left to the discretion of the Western District of Texas. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that the clerk of the Court add Mr. Figueroa-Martínez's alias, Francis Alberto Bonilla-Martínez, to the docketing records for this case.

DATED at Denver, Colorado, this 21st day of August, 2012.

BY THE COURT:

*[signature]*

R. BROOKE JACKSON
United States District Judge